**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────
**Yajaira Bezares C.,**

                **Plaintiff,**        **13 Civ. 8560 (JGK)**
                                      **13 Civ. 9123 (JGK)**
      - v.-

**The Donna Karan Company Store LLC,**   **MEMORANDUM OPINION AND**
**The Donna Karan Company LLC,**         **ORDER**

                **Defendants.**
────────────────────────────────────────
**JOHN G. KOELTL, District Judge:**

    The plaintiff, Yajaira Bezares C., proceeding pro se, brought two actions against The Donna Karan Company Store LLC and The Donna Karan Company LLC (collectively, the defendants) in the New York State Supreme Court, Bronx County.  In these actions, the plaintiff alleges employment discrimination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the New York State Human Rights Law (NYSHRL).  The plaintiff also alleges state-law defamation.

    The actions were removed to this Court under 28 U.S.C. § 1441.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the federal-law claims and supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims, except as indicated below.  The defendant moves to dismiss the plaintiff's claims under Federal Rule of Civil Procedure

12(b)(6).  For the reasons explained below, the defendant's motion is **granted**.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

## II.

The plaintiff's two actions are directed at the same underlying conduct, (Minnah-Donkoh Decl. Exs. B, C), and the plaintiff's allegations are accepted as true for purposes of this Motion to Dismiss.

The plaintiff is a Hispanic female born in 1976 and alleges that she has a disability under the NYSHRL. (Minnah-Donkoh Decl. Ex. D, Complaint to the New York State Division of Human Rights ("SDHR Compl.") at 1.) Prior to September 20, 2012, the plaintiff applied for employment with the defendants and her application was repeatedly turned down. (SDHR Compl. at 2, 3.)

The plaintiff alleges that, even though the plaintiff was experienced and highly qualified, the defendants did not hire her but hired a white woman instead because the latter "fits Donna Karan['s] [i]mage better." (SDHR Compl. at 2.) This allegedly constituted age, disability, and racial discrimination against the plaintiff. (SDHR Compl. at 2.) The plaintiff also alleges conclusorily that the defendants retaliated against her. (SDHR Compl. at 2.) The plaintiff further alleges that the defendants "block[ed]" her from finding employment elsewhere in the fashion industry. (SDHR Compl. at 2; see also Minnah-Donkoh Decl. Ex. B at 5.)

The plaintiff filed a complaint with the SDHR on September 20, 2012, which was concurrently filed with the United States Equal Employment Opportunity Commission (EEOC). (See SDHR Compl. at 3; Minnah-Donkoh Decl. Ex. G at 1, Ex. H.) On March 21, 2013, the SDHR issued its Determination and Order After Investigation, finding no probable cause to believe that the defendants had engaged in or were engaging in the alleged unlawful discriminatory practices. (Minnah-Donkoh Decl. Ex. G at 1.) On April 15, 2013, the EEOC adopted the SDHR's findings and issued a right-to-sue letter to the plaintiff. (Minnah-Donkoh Decl. Ex. H.)

On November 12, 2013, the plaintiff commenced the first state court action in the New York State Supreme Court, Bronx

4

County, claiming five billion dollars in damages.  (Minnah-Donkoh Decl. Ex. B at 1-2.)  The defendants removed the action to this Court on December 2, 2013.  (See Notice of Removal, Dec. 2, 2013, ECF No. 1 (13 Civ. 8560).)  On December 1, 2013, the plaintiff filed another action in the New York State Supreme Court, Bronx County based on the same allegations, noting that she "need[ed] [a] better judge."  (See Minnah-Donkoh Decl. Ex. C at 1-2.)  The defendants removed the second action to this Court on December 26, 2013.  (See Notice of Removal, Dec. 26, 2013, ECF No. 1 (13 Civ. 9123).)

### III.

As an initial matter, the plaintiff argues that she "had not agreed [that this] case [be] heard . . . in [this] District Court" and that "her case is in [the New York State] Supreme Court presently against the defendants . . . ."  (Attach. to Pl.'s Opp'n at 4.)  The Court construes this as a challenge to the removal, even though the plaintiff has not properly moved to remand.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  28 U.S.C. § 1447(c).  In this case, the plaintiff does not challenge subject matter jurisdiction, and this Court has

5

subject matter jurisdiction under 28 U.S.C. § 1331 over the federal-law claims and supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims.  Thus, any challenge to the removal must be made within thirty days after the filing of the notice of removal.  In this case, the notices of removal were filed on December 2 and 26, 2013, respectively, and the plaintiff's opposition papers are dated February 12, 2014--well over thirty days after the removal.  Therefore, the plaintiff is precluded from challenging the propriety of the removal.  See Pierpoint v. Barnes, 94 F.3d 813, 817 (2d Cir. 1996) ("[I]n enacting § 1447 . . . Congress placed a strict time limit on motions to remand . . . ."); Zerafa v. Montefiore Hosp. Hous. Co., 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005) (finding a waiver of the right to challenge removal because of the expiration of the thirty-day time limit).  In any event, the plaintiff has not presented any basis to challenge the propriety of the removals in this case.

**IV.**

The plaintiff has not specifically identified the statutory bases for her claims in her state-court actions.  Nevertheless, her complaint to the SDHR and the EEOC indicates that she alleges violations of Title VII, the ADEA, the ADA, and the

NYSHRL.  (See SDHR Compl. at 1; Minnah-Donkoh Decl. Ex. E.)  All of these claims are barred.

### A.

An action alleging an employer's violations of the Title VII, the ADA, or the ADEA must be commenced within ninety days of the plaintiff's receipt of a right-to-sue letter from the EEOC, if such a letter is issued.  29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); id. § 12117(a) (ADA); Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (Title VII and ADA); Francis v. Elmsford Sch. Dist., 442 F.3d 123, 127 (2d Cir. 2006) (ADEA).  Absent substantiated challenges, courts generally presume that a right-to-sue letter from the EEOC is received three days after it is mailed.  See, e.g. Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 & 148 n.1 (1984) (per curiam); Johnson v. St. Barnabas Nursing Home, 368 F. App'x 246, 248 (2d Cir. 2010) (summary order); Webster v. Potter, 746 F. Supp. 2d 635, 639-40 (S.D.N.Y. 2010); Molnar v. Legal Sea Foods, Inc., 473 F. Supp. 2d 428, 430 (S.D.N.Y. 2007).

In this case, the right-to-sue letter was mailed on April 15, 2013.  (Attach. to Pl.'s Opp'n at 8.)  The plaintiff does not claim that she did not receive the letter, which is included in her opposition papers and contains a clear notice that she

must bring suit within ninety days of the receipt of the letter. (See Attach. to Pl.'s Opp'n at 8.)  The plaintiff also does not dispute that she received the letter promptly after it was mailed.  Thus, it is presumed that the plaintiff received the letter on April 18, 2013.  The plaintiff did not commence her first action in the state court until November 12, 2013, (Minnah-Donkoh Decl. Ex. B at 1), which was well over ninety days after the receipt of the right-to-sue letter.  Therefore, the plaintiff's Title VII, ADA, and ADEA claims are barred by the ninety-day statute of limitations.  See McFarland v. Metro-N. Commuter R.R., 993 F. Supp. 210, 211 (S.D.N.Y. 1998) (adopting recommendation of the Magistrate Judge and dismissing pro se plaintiff's discrimination and retaliation claims because of failure to bring suit within ninety days after the receipt of the EEOC right-to-sue letter).  Accordingly, the defendants' motion to dismiss the Title VII, ADA, and ADEA claims is **granted**.

**B.**

The plaintiff also alleges parallel claims of discrimination and retaliation under the NYSHRL, N.Y. Exec. Law §§ 290 et seq. (See SDHR Complaint at 1.)  The NYSHRL contains an election-of-remedies provision, which provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory

practice shall have a cause of action in any court of appropriate jurisdiction for damages, . . . <u>unless</u> such person had filed a complaint hereunder or with any local commission on human rights . . . ."  N.Y. Exec. Law § 297(9) (emphasis added).

The election-of-remedies requirement is jurisdictional: once a plaintiff files a complaint with the SDHR, federal and state courts are without subject matter jurisdiction to hear NYSHRL claims based on the same underlying conduct that gives rise to the SDHR complaint.  <u>McGullam v. Cedar Graphics, Inc.</u>, 609 F.3d 70, 74 n.3 (2d Cir. 2010); <u>Dimps v. N.Y. State Office of Mental Health</u>, 777 F. Supp. 2d 659, 661 (S.D.N.Y. 2011). "Courts generally recognize only two exceptions to this jurisdictional bar: (1) complaints filed with SDHR but dismissed for administrative convenience, and (2) a complaint filed with SDHR by EEOC."  <u>Dimps</u>, 777 F. Supp. 2d at 661.

In this case, the plaintiff does not dispute that she has filed a complaint with the SDHR for the same underlying conduct on which her NYSHRL claims in these actions are based.  Indeed, her Summons and Notice filed on December 1, 2013 explicitly incorporates the SDHR complaint.  (<u>See</u> Minnah-Donkoh Decl. Ex. C at 2.)  The SDHR's dismissal was based on a finding of no probable cause and was not a dismissal for administrative convenience.  (<u>See</u> Minnah-Donkoh Decl. Ex. G.)  Therefore, the

plaintiff's current actions are barred by the election-of-remedies provision, and neither of the exceptions to this jurisdictional bar applies.  See Dimps, 777 F. Supp. 2d at 661.  Accordingly, the defendants' motion to dismiss the plaintiff's NYSHRL claims is **granted**.  See Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 187-88 (S.D.N.Y. 2011).

## C.

The plaintiff also refers to "defamation."  (See Minnah-Donkoh Decl. Ex. C at 2.)  The defendants move to dismiss any defamation claim based on the expiration of the applicable statute of limitations.

Under New York law, actions for defamation, including libel and slander, are subject to a one-year statute of limitations, measured from the date of publication of the allegedly defamatory statement.  N.Y. C.P.L.R. § 215(3); Blair v. Meth, 977 N.Y.S.2d 318, 318 (App. Div. 2013).

In this case, the plaintiff has not identified any defamatory statement or the publication thereof.  The plaintiff's reference to defamation appears to be based on the same conduct alleged in her SDHR complaint, (see Minnah-Donkoh Decl. Ex. C at 2), which was filed in September 2012, (see SDHR Compl. at 3).  Therefore, even if there were any defamatory statements, they must have been published in or prior to

10

September 2012, which was more than one year before the plaintiff commenced her first state court action on November 12, 2013. (See Minnah-Donkoh Decl. Ex. B at 1.) Accordingly, the plaintiff's defamation claim is time-barred, and the defendants' motion to dismiss the defamation claim is **granted**.

**D.**

Finally, the plaintiff refers to religious, gender, national origin, and "genetic" discrimination for the first time in her opposition papers. (Pl.'s Opp'n at 5.) The plaintiff has not identified the statutory bases for these claims. To the extent that federal laws are implicated, the religious, gender, and national origin discrimination claims arose under Title VII. See 42 U.S.C. § 2000e-2(a). Construed liberally to raise the strongest possible argument, the genetic discrimination claim may be deemed as arising under Title II of the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 U.S.C. § 2000ff et seq., which prohibits genetic discrimination in employment.

"As a prerequisite to filing suit under Title VII, a private plaintiff must first file a timely charge with the EEOC." Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 146 (2d Cir. 2012) (citing 42 U.S.C. § 2000e–5(e)(1), (f)(1)), cert. denied, 133 S. Ct. 1724 (2013). The GINA incorporates by

reference this requirement. 42 U.S.C. § 2000ff-6. Thus, a private plaintiff alleging genetic discrimination in employment under the GINA must also first file a timely charge with the EEOC. See Macon v. Cedarcroft Health Servs., Inc., No. 12 Civ. 1481, 2013 WL 1283865, at *6 (E.D. Mo. Mar. 27, 2013); Ze-Ze v. Kaiser Permanente Mid-Atl. States Regions, Inc., No. 10 Civ. 959, 2011 WL 320945, at *4 (E.D. Va. Jan. 28, 2011).

In this case, the plaintiff's SDHR Complaint, which was also filed with the EEOC, does not contain specific allegations of religious, gender, national origin, or genetic discrimination.[1] Therefore, because the plaintiff has failed to exhaust administrative remedies as required by Title VII and the GINA, the plaintiff's religious, gender, national origin, and genetic discrimination claims are **dismissed**.

To the extent that the plaintiff's religious, gender, national origin, or genetic discrimination claims are asserted under the NYSHRL, see N.Y. Exec. Law § 296(1)(a) (prohibiting discrimination based on "creed," "sex," "national origin," and

---

[1] The plaintiff's SDHR Complaint states that she charges the defendants "with violating Title VII . . . (covers race, color, creed, national origin, [and] sex relating to employment)." (SDHR Compl. at 1.) To the extent that this passing mentioning of "creed," "national origin," and "sex" in describing the scope of the statute can be construed as alleging religious and gender discrimination, the plaintiff is barred from bringing suit based on that charge because she failed to bring suit within ninety days after the receipt of the right-to-sue letter, as explained above.

12

"predisposing genetic characteristics"), they are barred derivatively by the election-of-remedies provision of the NYSHRL. The election-of-remedies bar "precludes consideration of any claim . . . under the NYSHRL . . . arising out of the same incident on which [the plaintiff's] SDHR complaint was based." Higgins, 836 F. Supp. 2d at 188 & 188 n.2 (collecting cases). This is because the NYSHRL has been interpreted as "precluding an action in court that is 'based upon the same incident[]' as the [SDHR] complaint." Id. (citation omitted); see also Emil v. Dewey, 406 N.E.2d 744, 745 (N.Y. 1980).

In this case, any alleged religious, gender, national origin, or genetic discrimination is based on the same underlying conduct as alleged in the SDHR Complaint, namely, that the defendants repeatedly refused to hire the plaintiff during the time leading up to the SDHR Complaint. Therefore, for the reasons explained above, the election of remedies bars these other claims. See Higgins, 836 F. Supp. 2d at 190; Alvarado v. Manhattan Worker Career Ctr., No. 01 Civ. 9288, 2002 WL 31760208, at *10-11 (S.D.N.Y. Dec. 10, 2002) (claim barred by election of remedies so long as the claim arises out of the same discriminatory or retaliatory practice).

Moreover, the plaintiff has not alleged any facts to support a claim of religious, gender, national origin, or genetic discrimination under either federal or state law. The

mere fact that she was repeatedly turned down for employment, without more, does not establish that the plaintiff was turned down "because of" her religious belief, gender, national origin, or genetic information, as required by the language of the statutes.  See 42 U.S.C. §§ 2000e-2(a), 2000ff-1(a).  Therefore, in addition to being barred by the statutory and jurisdictional requirements, the plaintiff's claims for religious, gender, national origin, and genetic discrimination must be dismissed because the plaintiff has failed to allege any facts to support such claims.  See Brodt v. City of New York, --- F. Supp. 2d --, No. 13 Civ. 3272, 2014 WL 896740, at *5-6 (S.D.N.Y. Mar. 6, 2014) (dismissal of Title VII discrimination claim because no inference of discrimination could be drawn); Higgins, 836 F. Supp. 2d at 190-91 (same); Khaleel v. Metro One Loss Prevention Servs. Grps, 469 F. Supp. 2d 130, 133 (S.D.N.Y. 2007) (same); see also Allen v. Verizon Wireless, No. 12 Civ. 482, 2013 WL 2467923, at *23-24 (D. Conn. June 6, 2013) (dismissal of GINA claim).

    Accordingly, the defendants' motion to dismiss the remaining claims (religious, gender, national origin, and genetic discrimination) is **granted**.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the foregoing reasons, the defendants' motion to dismiss is **granted** and the complaints in both cases are **dismissed.  The Clerk is directed to enter judgment in cases No. 13 Civ. 8560 and No. 13 Civ. 9123 and to close these cases.**

**SO ORDERED.**

**Dated:    New York, New York
           May 21, 2014**                           /s/
                                            **John G. Koeltl
                                       United States District Judge**